UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ADELAIDE C. DYSON,                    )
                                      ) No. CV-05-3067-CI
          Plaintiff,                  )
                                      ) ORDER GRANTING IN PART
v.                                    ) PLAINTIFF'S MOTION FOR SUMMARY
                                      ) JUDGMENT AND REMANDING FOR
JO ANNE B. BARNHART,                  ) ADDITIONAL PROCEEDINGS
Commissioner of Social                ) PURSUANT TO SENTENCE FOUR OF
Security,                             ) 42 U.S.C. § 405(g)
                                      )
          Defendant.                  )
                                      )

     BEFORE THE COURT are cross-Motions for Summary Judgment (Ct.
Rec. 14, 19) submitted for disposition without oral argument on
February 21, 2006.   Attorney D. James Tree represents Plaintiff;
Special Assistant United States Attorney David R. Johnson represents
Defendant.     The  parties  have  consented  to  proceed  before  a
magistrate judge.  (Ct. Rec. 7.)  After reviewing the administrative
record and the briefs filed by the parties, the court **GRANTS IN PART**
Plaintiff's Motion for Summary Judgment and remands for additional
proceedings pursuant to sentence four of 42 U. S. C. § 405(g).

     Plaintiff was 51-years-old at the time of the administrative
hearing, a graduate of the University of Washington with past work
as a hotel maid, caterer helper, hostess, food server and telephone
solicitor.  She protectively filed an application for Supplemental

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 1

Security Income (SSI) benefits on June 13, 2001, alleging disability as of that date due to mental illness, alcoholism, drug addiction, back and foot pain. (Tr. at 22.) Following a denial of benefits at the initial stage and on reconsideration, a hearing was held before Administrative Law Judge Ruperta M. Alexis (ALJ). In 2004, the ALJ denied benefits; review was denied by the Appeals Council. This appeal followed. Jurisdiction is appropriate pursuant to 42 U.S.C. § 405(g).

**ADMINISTRATIVE DECISION**

The ALJ concluded Plaintiff had not engaged in substantial gainful activity and suffered from severe impairments, but those impairments did not meet the Listings. (Tr. at 23.) Her impairments included depression with hallucinations and substance abuse disorder in early remission. Plaintiff's testimony was not found fully credible. The ALJ found she had a residual capacity for a full range of all exertional levels of work reduced by moderate difficulties in social functioning and maintaining concentration, persistence or pace. The ALJ concluded Plaintiff could perform her past relevant work and, therefore, was not disabled. (Tr. at 30.)

**ISSUES**

The question presented is whether there was substantial evidence to support the ALJ's decision denying benefits and, if so, whether that decision was based on proper legal standards. Plaintiff contends the ALJ erred when she (1) improperly rejected the opinions of the treating physicians; (2) improperly rejected Plaintiff's testimony and that of the lay witnesses; (3) failed to properly determine whether Plaintiff's past work was relevant; (4)

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 2

1 posed an incomplete hypothetical to the vocational expert and

2 improperly discounted that testimony; and (5) failed to properly

3 evaluate the claimant's drug and alcohol addiction and her alleged

4 failure to follow prescribed treatment.

5 **STANDARD OF REVIEW**

6 In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the

7 court set out the standard of review:

> 8 The decision of the Commissioner may be reversed only if
> it is not supported by substantial evidence or if it is
> 9 based on legal error. *Tackett v. Apfel*, 180 F.3d 1094,
> 1097 (9th Cir. 1999). Substantial evidence is defined as
> 10 being more than a mere scintilla, but less than a
> preponderance. *Id.* at 1098. Put another way, substantial
> 11 evidence is such relevant evidence as a reasonable mind
> might accept as adequate to support a conclusion.
> 12 *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the
> evidence is susceptible to more than one rational
> 13 interpretation, the court may not substitute its judgment
> for that of the Commissioner. *Tackett*, 180 F.3d at 1097;
> 14 *Morgan v. Comm'r of Soc. Sec. Admin.* 169 F.3d 595, 599
> (9th Cir. 1999).
> 15
> 16 The ALJ is responsible for determining credibility,
> resolving conflicts in medical testimony, and resolving
> ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th
> 17 Cir. 1995). The ALJ's determinations of law are reviewed
> *de novo*, although deference is owed to a reasonable
> 18 construction of the applicable statutes. *McNatt v. Apfel*,
> 201 F.3d 1084, 1087 (9th Cir. 2000).

19

20 **SEQUENTIAL PROCESS**

21 Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the

22 requirements necessary to establish disability:

> 23 Under the Social Security Act, individuals who are
> "under a disability" are eligible to receive benefits. 42
> 24 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any
> medically determinable physical or mental impairment"
> 25 which prevents one from engaging "in any substantial
> gainful activity" and is expected to result in death or
> 26 last "for a continuous period of not less than 12 months."
> 42 U.S.C. § 423(d)(1)(A). Such an impairment must result
> 27 from "anatomical, physiological, or psychological
> abnormalities which are demonstrable by medically

28

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 3

acceptable clinical and laboratory diagnostic techniques."
42 U.S.C. § 423(d)(3). The Act also provides that a
claimant will be eligible for benefits only if his
impairments "are of such severity that he is not only
unable to do his previous work but cannot, considering his
age, education and work experience, engage in any other
kind of substantial gainful work which exists in the
national economy . . . " 42 U.S.C. § 423(d)(2)(A). Thus,
the definition of disability consists of both medical and
vocational components.

In evaluating whether a claimant suffers from a
disability, an ALJ must apply a five-step sequential
inquiry addressing both components of the definition,
until a question is answered affirmatively or negatively
in such a way that an ultimate determination can be made.
20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The
claimant bears the burden of proving that [s]he is
disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir.
1999). This requires the presentation of "complete and
detailed objective medical reports of h[is] condition from
licensed medical professionals." *Id.* (citing 20 C.F.R. §§
404.1512(a)-(b), 404.1513(d)).

**SEVERE IMPAIRMENTS**

Plaintiff contends the ALJ erred when she rejected the opinion

of Dr. Chaudhry who diagnosed Hepatitis C resulting in chronic

fatigue and a need to lie down for two hours during the day. (Tr. at

289.) Defendant contends there was no objective medical evidence

Plaintiff suffered from significant symptoms or limitations due to

chronic fatigue.

At step two of the sequential process, the ALJ must conclude

whether Plaintiff suffers from a "severe" impairment, one which has

more than a slight effect on the claimant's ability to work. To

satisfy step two's requirement of a severe impairment, the claimant

must prove the existence of a physical or mental impairment by

providing medical evidence consisting of signs, symptoms, and

laboratory findings; the claimant's own statement of symptoms alone

will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 4

must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of pain. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991). However, an overly stringent application of the severity requirement violates the statute by denying benefits to claimants who do meet the statutory definition of disabled. *Corrao v. Shalala*, 20 F.3d 943, 949 (9th Cir. 1994). Thus, the Commissioner has passed regulations which guide dismissal of claims at step two. Those regulations state an impairment may be found to be not severe *only* when evidence establishes a "slight abnormality" on an individual's ability to work. *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (citing Social Security Ruling 85-28). The ALJ must consider the combined effect of all of the claimant's impairments on the ability to function, without regard to whether each alone was sufficiently severe. *See* 42 U.S.C. § 423(d)(2)(B) (Supp. III 1991). The step two inquiry is a *de minimis* screening device to dispose of groundless or frivolous claims. *Bowen v. Yuckert*, 482 U.S. 137, 153-154.

In addressing the limitations due to hepatitis, the ALJ noted:

> The evidence also establishes several other non-severe impairments. The claimant has been diagnosed with hepatitis C. In July 2002 the claimant had mildly elevated liver enzymes. The claimant has not reported any significant symptoms nor any limitations related to having hepatitis C. Since the hepatitis C has not caused any restrictions and she is asymptomatic, I find it a non-severe impairment.

(Tr. at 23, references to exhibits omitted.) A review of the medical record discloses positive blood test results for hepatitis

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 5

C beginning in February 2002 with mildly elevated liver enzymes noted in July 2002. (Tr. at 278, 274.) The implications of the disease were discussed with her in August 2002, and interferon as a treatment was mentioned, but not pursued.  (Tr. at 271.)   The disease or its symptoms were not mentioned again until January 2004, when Dr. Chaudhry recommended a second, follow-up liver function test.  (Tr. at 264-272.) The diagnosis was reiterated on March 15, 2004 (Tr. at 262) without indication of further treatment or test results.  Finally, in June 2004, Dr. Chaudhry opined Plaintiff was limited to sedentary work and noted for the first time Plaintiff would have to lie down two hours daily because of fatigue associated with hepatitis C.  (Tr. at 288-89.)  Based on the record before the ALJ, the notes of the treating physician none of which reference complaints of chronic fatigue, and the alleged onset date of June 2001, there is no evidence to contradict the ALJ's finding the hepatitis C and its limiting effects, if any, were non-severe.

1.   Credibility Findings

Plaintiff contends the ALJ improperly rejected her testimony and that of her lay witnesses.  Defendant responds the ALJ correctly rejected the testimony, noting a lack of motivation, inconsistent daily activities, and poor work history.

In deciding whether to admit a claimant's subjective symptom testimony, the ALJ must engage in a two-step analysis. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). Under the first step, see *Cotton v. Bowen*, 799 F.2d 1403, 1405 (9th Cir. 1986), the claimant must produce objective medical evidence of underlying "impairment," and must show that the impairment, or a combination of

impairments, "could reasonably be expected to produce pain or other symptoms." *Id.* at 1281-82.  If this test is satisfied, and if there is no evidence of malingering, then the ALJ, under the second step, may reject the claimant's testimony about severity of symptoms with "specific findings stating clear and convincing reasons for doing so." *Id*. at 1284.  The ALJ may consider the following factors when weighing the claimant's credibility: "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [his/her] testimony and [his/her] conduct, [claimant's] daily activities, [his/her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).  If the ALJ's credibility finding is supported by substantial evidence in the record, the court may not engage in second-guessing.  *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999).  If a reason given by the ALJ is not supported by the evidence, the ALJ's decision may be supported under a harmless error standard. *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1990) (applying the harmless error standard); *Booz v. Sec'y of Health and Human Serv.*, 734 F.2d 1378, 1380 (9th Cir. 1984) (same).  Here, there is no evidence of malingering; thus, the ALJ must provide clear and convincing reasons for rejecting Plaintiff's testimony.

In her opinion, the ALJ commented:

> The claimant's statements concerning her impairment and its impact on her ability to work are not entirely credible.  The claimant has a clear lack of motivation to work as noted by her unimpressive earnings record and the fact that she has been supported by her parents (testimony).  Moreover, she has described daily activities

which are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations. In August 2001 the claimant stated she did housework, washed dishes, shopped, cooked meals, and watched television. She went to the park and attended group meetings. She also used public transportation. In December 2001 she reported being completely independent of daily activities, doing her own cooking, cleaning and grocery shopping. She cares for seven pets and has no assistance with self-care. She handles her own money. She attends church three times a week. She claims she has poor concentration but she went to college and completed a full semester earning a "B" average grade (testimony). Also she is able to read the newspaper and watch television (testimony). These activities are inconsistent with being "disabled." Further, the State Agency found the claimant's cognitive functions was [sic] very good.

(Tr. at 27, references to exhibits omitted.)

A lack of work history may indicate a lack of motivation to work rather than a lack of ability. *Osenbrock v. Apfel,* 240 F.3d 1157, 1165-1166 (9th Cir. 2001) (claimant's testimony not credible where restriction of daily activities is a lifestyle choice and indicative of lack of motivation to do more); *Woolf v. Shalala,* 3 F.3d 1210, 1214 (8th Cir. 1993) (claimant's credibility is lessened by a poor work history); *Schaal v. Apfel*, 134 F.3d 496, 502 (2nd Cir. 1998) ("[j]ust as good work history may be deemed probative of credibility, poor work history may prove probative as well"). Moreover, "[a]n ALJ should explore a claimant's prior work history to determine whether her absence from the workplace cannot be explained adequately (making appropriate a negative inference), or whether her absence is consistent with her claim of disability." *Id.* Here, Plaintiff testified she did not use drugs or alcohol from 1993 to 1997 (Tr. at 306); thus, substance abuse was not a factor in securing work during that time period. Yet, Plaintiff has no record

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 8

of earnings from 1992 through 1999.[1]   (Tr. at 69.)  Moreover, Plaintiff had sufficient education after 1974 (Tr. at 306) and no apparent medical obstacles prior to 2000 (based on the record before the court) to justify her poor work history, other than a lack of motivation and reliance on parental support.

The ALJ also relied on Plaintiff's daily activities, which she found to be inconsistent with disability.  Those activities included completing household chores, attending church three times a week and support meetings, using public transportation, caring for pets, and successfully completing a college class.  (Tr. at 129, 155, 211.) Those findings are supported by the evidence and are inconsistent with disability based on a psychotic disorder, not otherwise specified.

Finally, the medical evidence indicated when Plaintiff used her medications properly, her condition stabilized. (Tr. at 236, 265, 269, 285.)  Examiner Veltkamp found Plaintiff's limitations were mild (her GAF was assessed at 68, indicative of only mild limitations), and she suggested vocational rehabilitation. (Tr. at 157.) Thus, there was no medical evidence from mental health providers to support a finding Plaintiff was disabled other than the initial crisis intervention in February 2001 when Plaintiff's GAF was assessed at 25.  However, that assessment was done at the end of a one-year drug and alcohol binge and prior to the use of medication. (Tr. at 128.)  Thus, the ALJ's findings are clear and

---

[1]It appears Plaintiff was convicted of four different criminal offenses during this time period, served sentences, and participated in a one-year inpatient treatment program in Seattle. (Tr. at 140.)

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 9

1  convincing and supported by the record.

2  2.  Physical Residual Functional Capacity

3      Plaintiff also contends the ALJ improperly relied on an
4  undated, unsigned RFC completed at least two years prior to the
5  hepatitis C diagnosis when she concluded Plaintiff was able to
6  perform all ranges of exertional capacity.  (Tr. at 28, 217.)
7  Plaintiff also contends the ALJ improperly rejected the functional
8  limitations noted by her treating counselor, Peggy Champoux, that
9  Plaintiff would have a moderate limitation in completing a normal
10 work day and week and performing at a consistent pace.  (Tr. at
11 286.)  Defendant argues the RFC was supported by the evidence,
12 including the medical record that indicated Plaintiff's mental and
13 physical impairments were stabilized with medication as evidenced by
14 her daily activities, which were inconsistent with disability.

15     In addition to the hepatitis C, Plaintiff was treated for
16 fractures of her left fifth toe (Tr. at 268) and left ankle (Tr. at
17 266).  There is no evidence these fractures resulted in limitations
18 that met the one year durational requirement.  There is also some
19 evidence Plaintiff was treated for low back pain, knee pain and
20 heartburn, but those conditions were stabilized with medication and
21 did not appear to meet durational requirements.  (Tr. at 149, 265,
22 288, 292.)  It is, however, undisputed, Plaintiff gained 80-90
23 pounds as a side effect to taking anti-psychotic medication.  In
24 September 2003, her weight was recorded at 223 pounds; she was 5'6"
25 tall.  (Tr. at 269, 323.)  Obesity is a factor in determining
26 residual capacity; an ALJ is required to consider the combined
27 effect of obesity with other impairments when determining a

28

claimant's ability to work.  *Celaya v. Halter*, 332 F.3d 1177, 1181-82 (9th Cir. 2003).

Additionally, therapist Peggy Champoux opined in April 2004 after three years of medication, that Plaintiff would have a moderate limitation in completing a normal work day and week and performing at a consistent pace. (Tr. at 286.)  The court notes the ALJ incorporated the moderate limitation in persistence and pace in her decision (Tr. at 28); however, she failed to address the limitation as it relates to completion of a normal work day and week.  Although a mental health therapist is not an acceptable medical source with respect to diagnoses, a therapist may provide evidence of functional limitations.  20 C.F.R. § 416.913(d)(1).  Additionally, this limitation is consistent with other moderate limitations noted by Dr. Kester who examined Plaintiff in April 2002. (Tr. at 199.)

3.  <u>Past Relevant Work</u>

Plaintiff contends the ALJ erred when she concluded she was able to perform past relevant work, even though she also found Plaintiff's work in the past did not constitute substantial gainful activity (SGA).  To be considered "relevant" work under the regulations, past work (1) must have been done within the last 15 years, (2) lasted long enough for claimant to learn to do it, and (3) been SGA.  See 20 C.F.R. § 416.965(a) (2005).  Under that regulation, if past work consists of only off and on or brief periods of time, that work is not applicable.  *Id.*  Additionally, wages earned must meet a certain amount to establish SGA.  20 C.F.R. § 416.974(b)(2); *Anderson v. Heckler*, 726 F.2d 455, 457 (8th

Cir.1984) (claimant's earnings should be averaged over only months worked).

Plaintiff argues, while there is evidence to establish the first two factors, there is no evidence as to the third factor, the minimum wage requirement. (Tr. at 72.) Defendant responds the work constituted SGA because Plaintiff quit for non-medical reasons and had she continued to work, her wages would have exceeded SGA levels.

Plaintiff reported she worked for two weeks during 1990 as a housekeeper; from May to July 1990, as a full-time restaurant helper; in 1991, six months as a caterer's helper; in 1998, two weeks as a motel maid; in 2000, three months as a telephone solicitor; and in April 2001, two weeks as a hotel maid. (Tr. at 72, 113.) Her total lifetime wages did not exceed $7,000.

To be considered SGA from January 1990 to June 1999, wages needed to average $500 a month (total wages divided by the number of months for quarters worked). 20 C.F.R. § 416.974(a)(3)(b)(2). Plaintiff's reported Social Security earnings record indicates the following amounts earned: 1990: $1,050.40 during two quarters (six months); 1991: $3,022.06 during four quarters (24 months); 1998: $132.99; 2000: $1,167.94 during one quarter (three months); and 2001: $176.40. In 1990, Plaintiff's wages averaged $175 a month; in 1991, $126 per month. Thus, they presumptively fell below the SGA presumed amounts. The regulations were amended to reflect an increase minimum wage requirement from July 1999 to December 2000. 20 C.F.R. § 416.974(b)(2)(I), Table. During that time, SGA was presumed if wages averaged $700 per month. Plaintiff's wages in 2000 averaged $389 per month; thus, there is no evidence of SGA.

Under this record, Plaintiff has no presumptive SGA. 20 C.F.R. § 416.974(b)(3). However, the regulations also provide further evidence may be considered to determine whether work which did not rise to the required earnings level constitutes SGA depending on the year the work was performed or was an unsuccessful work attempt. 20 C.F.R. § 416.974(b)(6). The ALJ failed to perform this analysis.

4. <u>Grids</u>

Plaintiff contends, if she is limited to sedentary work, as of her 50th birthday, she would be disabled under the Grids. 20 C.F.R., Subpt. P, App. 2, § 201.00(g), and § 201.12. However, the application of that Grid is precluded if recently completed education provides for direct entry into sedentary work. 20 C.F.R. § 201.00(g). In light of Plaintiff's college attendance, this court is unable to assess on the record whether Plaintiff has an ability to enter directly into the work force without a past relevant work history or transferable skills.

Case law requires an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [a medical opinion], (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir.), *cert. denied*, 531 U.S. 1038 (2000), citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The court has some flexibility in determining whether to remand for an immediate award of benefits or for additional administrative proceedings. *Connett v. Barnhart,* 340 F.3d 871, 876 (9th Cir. 2003). Here questions remain whether Plaintiff would be

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 13

1  able to perform sedentary work in light of her age, mental

2  limitations, substance addiction, and obesity. Accordingly,

3      **IT IS ORDERED**:

4      1.   Plaintiff's Motion for Summary Judgment **(Ct. Rec. 14)** is

5  **GRANTED IN PART;** the cause is **REMANDED** for additional proceedings

6  pursuant to sentence four of 42 U.S.C. § 405(g).

7      2.   Defendant's Motion for Summary Judgment dismissal **(Ct.**

8  **Rec. 19)** is **DENIED.**

9      3.   Any application for attorney fees shall be made by

10 separate motion.

11     4.   The District Court Executive is directed to file this

12 Order and provide a copy to counsel for Plaintiff and Defendant.

13 The file shall be **CLOSED** and judgment entered for Plaintiff.

14     DATED March 2, 2006.

15

16            _____S/ CYNTHIA IMBROGNO_____
              UNITED STATES MAGISTRATE JUDGE
17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 14